## DUX v. SPIELBERG.

(Supreme Court, Appellate Term, First Department.   March 7, 1913.)

FRAUDS, STATUTE OF (§ 25*)—PROMISE TO REPAY MONEY ADVANCED TO THIRD PERSON.

    An absolute oral promise to repay money advanced to a third person solely upon such promise is not void under the statute of frauds.

    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 21; Dec. Dig. § 25.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Henry Dux against Harold Spielberg.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed, and new trial ordered.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Kaufman & Gisnet, of New York City (Michael Kaufman, of New York City, of counsel), for appellant.

Joseph Wilkenfeld, of New York City, for respondent.

SEABURY, J.   This action was brought to recover for money paid the Graff & Graff Hotel Restaurant Company.   The plaintiff testified that he had paid the money to the Graff & Graff Hotel Restaurant Company upon the promise of the defendant to repay it to him.   The learned court below dismissed the complaint on the ground that the cause of action alleged was within the statute of frauds.   We think that this was error.   The question should have been submitted to the jury as to whether the alleged promise of the defendant was an original promise that he would repay the money advanced, or whether it was collateral merely to the obligation of the Graff & Graff Hotel Restaurant Company.   According to the contention of the plaintiff, there was no obligation on the part of the Graff & Graff Hotel Restaurant Company to pay the money advanced, and the money was advanced solely upon the promise of the defendant to repay it.   In other words, the defendant did not obligate himself to repay in the event of the default of the Graff & Graff Hotel Restaurant Company, but promised absolutely to repay the money advanced.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.